# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID MICHAEL MONTGOMERY, | * |
| # 412-797, SID # 2405284 | * |
| | * |
| Plaintiff, | * |
| | * |
| v | *   Civil Action No.  ELH-15-1345 |
| | * |
| FRANK B BISHOP, JR. | * |
| TRANSPORTATION OFFICERS, | * |
| ANNE MADDOX, Hearing Officer for WCI, | * |
| JANICE GILMORE,  Medical Regional | * |
|   Administrator | * |
| | * |
| Defendants. | * |

***

## MEMORANDUM

On May 11, 2015, David Michael Montgomery, a self-represented inmate in the custody of the Maryland Division of Correction, filed suit (ECF 1) and a motion to proceed in forma pauperis (ECF 2), raising three unrelated allegations. The motion shall be granted, subject to 28 U.S.C. § 1915.

Plaintiff's first allegation concerns his recent institutional rule violation hearing, held after his transfer on April 21, 2015, from the Maryland Correctional Institutional- Jessup ("MCI-J") to Western Correctional Institution ("WCI").  The second allegation concerns Montgomery's transport on April 21, 2015.  The third allegation concerns his medical care at WCI. Montgomery states he has not sought to resolve these concerns through the institutional Administrative Remedy Procedure request process "[b]ecause I didn't think that I could without it being dismissed.  ECF 1 at 2.[1]

---

[1] Additionally, Montgomery generally avers that he had "mail problems" and has not met with a case manager at WCI.  He does not identify suffering any injury as a result, nor does he specify any details to support these assertions.  Accordingly, these claims will be dismissed.

I.     Claims

Montgomery states he lost 120 days of good time credits and received 180 days of "lock-up time"[2] after his disciplinary hearing. He asserts that: 1) his rights under the Fourteenth Amendment were violated when he was moved from JCI to WCI while he had a hearing pending on the JCI rule violations; 2) the hearing was unfair and did not comport with due process; 3) he was found guilty of the violation of institutional rules, contrary to regulations and the prisoner handbook; and  4) the hearing examiner was biased.  ECF 1 at 3-4.  Montgomery states he appealed the decision of the hearing examiner, Anne Maddox, to WCI Warden Bishop and has yet to receive a response. *Id*. at 9.

Montgomery also asserts an Eighth Amendment claim.  He contends that he had a liver biopsy on April 17, 2015, and on April 21, 2015, officers from JCI picked him up at MCI-J for transport to WCI.  The transportation officers strip searched him and asked why he was wearing a wrist band.  Montgomery explained they were hospital bands.  The transport officers required him to rip three bands off his wrist, and then placed him in a three- piece restraint. Montgomery alleges the restraint was too tight, and cut his right wrist.  Montgomery alleges that the chain was too tight on his left side, where his surgery had been performed.  He also claims that he told the officers the restraint was too tight and that he had undergone surgery, but transportation officers "didn't care."  *Id*. at 5.  According to plaintiff, it takes up to two weeks to recover from the surgery.[3]  He claims he asked to see the nurse and requested a band aid for the cut on his wrist, to no avail.  He appears to claim the conduct constituted cruel and unusual punishment.  *Id*. at 6.  As relief, he requests $20,000. *Id*.

In addition, Montgomery faults Janice Gilmore, the Medical Regional Administrator at

---

[2]  Montgomery  likely references disciplinary segregation housing placement.

[3]  Montgomery does not explain the basis of this belief.

WCI, for failing to provide him with his medications for one and a half to two days after his arrival at WCI. *Id*. at 7. He does not specify the nature of the medication nor claim to have suffered injury as a result of the delay. Plaintiff also complains that he has not seen "the mental health person" who gives medications, despite his request. *Id.*

In addition, Montgomery complains that he was not provided a bottom bunk although he has paperwork showing he was ordered lower bunk placement in the past. ECF 1 at 7. A nurse allegedly told plaintiff that she was not going to update his paperwork for bottom bunk assignment. *Id*.

Montgomery also complains that he had to submit two sick call slips until he was seen by a medical provider. Further, he states he was offered treatment for his liver, but asked to "hold off" treatment because he wants to move closer to his family. He asserts that when a doctor updates medication at WCI, they take "forever." *Id*. at 8. According to Montgomery, he received better medical treatment at JCI and the medical care at WCI "could be much better." *Id.*

## II.    Discussion

Montgomery filed his complaint under 42 U.S.C. § 1983. Under 28 U.S.C. §§ 1915, 1915A, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

This court is mindful of its obligation to construe liberally the pleadings of a self-represented litigant such as Montgomery. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id*. at 93 (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A complainant who submits an inartfully pled action that contains a potentially cognizable claim should be given the opportunity to particularize his complaint in order to define his issues. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Each of Montgomery's claims shall be analyzed accordingly.

Montgomery's Eighth Amendment claims against the unidentified transportation officers are that they told him to remove his hospital identification bands before they placed him in a three piece restraint, the restraint was too tight, and they did not give him a band aid for the cut he claims was caused by the restraints. Montgomery avers that he informed the transportation officers that the restraints were too tight and he had just had surgery. Montgomery also complains the restraints bothered the side where the biopsy had been performed. He does not allege the cut bled, the site became infected, or that he sought or needed additional treatment for it. To the extent Montgomery faults the transportation officers for applying the restraints too tightly, he does not claim the restraints were applied or maintained with malicious or sadistic intent.

The Eighth Amendment does not prohibit all applications of force or infliction of pain against prisoners. *United States v. Gore*, 592 F.3d 489, 494 (4th Cir. 2010). "[O]nly the unnecessary and wanton infliction of pain" rises to the level of a constitutional violation. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Montgomery does not claim to have possessed or shown

the officers any documentation requiring special cuffing procedures.  The officers' alleged actions and failure to take Montgomery to a nurse or to provide Montgomery with a band aid for his wrist, as presented here, simply fail to state a claim of constitutional import.  Consequently, this claim will be dismissed.

In order to state claim of constitutionally inadequate medical care under the Eighth Amendment, an inmate must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Montgomery does not claim defendant Janice Gilmore, Medical Regional Director, acted with deliberate indifference to his serious medical needs. In fact, Montgomery raises no allegation that Gilmore was personally involved in providing his medical care, knew of or was responsible for any delay in providing his medication or prescriptions, or is responsible for oversight of health providers, including mental health providers, who work at WCI. In particular, Montgomery faults an unnamed nurse, not Gilmore, for allegedly refusing to update his order for bottom cell placement.

Mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. *Estelle v Gamble*, 429 U.S. 97, 106 (1976); *see also Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975) (per curiam).

Inmates are not entitled to the best medical care or the particular medical care of the inmate's choosing. *Estelle*, 429 U.S. at 104–05. Thus, even assuming the truth of Montgomery's

allegations concerning delays in providing him with his medicine, his claims are insufficient to

state an Eighth Amendment claim of inadequate medical care.

**CONCLUSION**

Montgomery's claims against the unnamed transportation officers and Janice Gilmore,

the Regional Medical Director, will be dismissed for failure to state a cognizable federal claim.[4]

Montgomery's claims concerning his disciplinary rule hearing will proceed for service on

defendants Bishop and Maddox.  A separate Order follows.

May 21, 2015_____                          _____/s/_____

Date                                                 Ellen L. Hollander
                                                       United States District Judge

---

[4]    Under 28 U.S.C. § 1915(g) a prisoner litigant will not be granted in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Montgomery is cautioned that future complaints dismissed under this standard will be awarded a strike pursuant to statute.